```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                 HARRISON DIVISION
```

**KELLI POWELL**                                                      PLAINTIFF

          v.           Civil No. 08-3042

**NORTH ARKANSAS COLLEGE**                                            DEFENDANT

O R D E R

Now on this 1st day of July, 2009, comes on for consideration **Defendant's Motion For More Definite Statement In Response To Application For Attorney's Fees And Costs** (document #30), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Plaintiff Kelli Powell ("Powell") sued defendant North Arkansas College (the "College") for violation of the Family and Medical Leave Act ("FMLA"). The case was tried to a jury, and a verdict returned in favor of Powell. Powell then applied to the Court for an award of attorney's fees. Her application is supported by the Affidavit of her attorney, setting out the dates on which he worked on the case, the tasks accomplished on those dates, and the hours expended.

2. The College now moves for a more definite statement of Powell's attorney's time, asserting that he "combines several entries in his affidavit," and that it is "unable to ascertain on these combined entries whether the amount of time spent by counsel is reasonable."

3. The Court has examined the challenged entries, and is not persuaded that they are so vague or ambiguous that the College cannot determine whether they account for reasonable amounts of time. Several examples will demonstrate:

* The entry for June 17, 2008, shows that three hours were expended in reviewing the file, consulting with Powell, reviewing materials received from Powell, researching FLSA limitations, and sending an e-mail to Powell. The Court does not believe it would be particularly helpful to the College's analysis if Powell were to break down the exact quantity of time that was spent on document review, consultation, and research on this date. The total time said to have been expended is such that it might reasonably have been expended on any of these tasks. This is true of many of the challenged entries.

* The entry of April 30, 2009, shows that 9.10 hours were expended in traveling to Harrison for a settlement conference and preparing a response to a motion in limine. A time breakdown on an entry such as this would not add much to the College's analysis, because defense counsel, having been present at the settlement conference, is aware how much time was consumed in that task, and probably also has a good idea how much travel time was involved.

Determinations of the reasonableness of attorney time are necessarily inexact. It cannot be said that one hour is enough

time to spend interviewing a witness while two hours is too much. The time required to accomplish legal tasks can vary widely and still be within reason.  In some cases, however, a party may seek compensation for time entries that are clearly exorbitant.  The Court believes that the time entries in the Affidavit in this case are sufficient to allow the College to determine whether exorbitant and unreasonable amounts of time were expended, and to call that to the Court's attention.

**IT IS THEREFORE ORDERED** that **Defendant's Motion For More Definite Statement In Response To Application For Attorney's Fees And Costs** (document #30) is **denied.**

**IT IS FURTHER ORDERED** that defendant file a response to Plaintiff's Application For Attorney's Fees And Costs within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

                                           /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**