```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

**KELLI POWELL**                                                  **PLAINTIFF**

        **v.**          **Civil No. 08-3042**

**NORTH ARKANSAS COLLEGE**                                        **DEFENDANT**

<u>**O R D E R**</u>

Now on this 1st day of July, 2009, comes on for consideration **Defendant's Renewed Motion For Judgment As A Matter Of Law, Or In The Alternative, Motion For New Trial** (document #41), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff Kelli Powell ("Powell") sued defendant North Arkansas College (the "College") for violation of the Family and Medical Leave Act ("FMLA").  The case was tried to a jury, and a verdict returned in favor of Powell.  The College now moves the Court for judgment as a matter of law, or, in the alternative, for a new trial.  Powell opposed the motion, which is now fully briefed and ripe for decision.

2.   Judgment as a matter of law is governed by **F.R.C.P. 50**, which provides that when a party has been "fully heard on an issue during a jury trial" and the Court finds "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," it may resolve the issue against that party.  Where a proper and timely motion is made and denied, it may be renewed after trial, and coupled with a motion for new

Case 3:08-cv-03042-JLH   Document 48   Filed 07/01/09   Page 2 of 7 PageID #: 360

trial.

The Court must "assume as proven all facts that the nonmoving party's evidence tended to show, give her the benefit of all reasonable inferences, and assume that all conflicts in the evidence were resolved in her favor. Judgment as a matter of law is appropriate on if, considering the evidence in this manner, no reasonable jury could find for the non-moving party." **Kramer v. Logan County School District No. R-1, 157 F.3d 620, 624 (8th Cir. 1998)** (internal citations and quotation marks omitted.

Pursuant to **F.R.C.P. 59(a)**, a new trial after a jury trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." New trials have been granted where the verdict is unsupported by the evidence. **Children's Broadcasting Corp. v. Walt Disney Co., 245 F.3d 1008, 1017 (8th Cir. 2001)**.

3. The gravamen of Powell's claim is that -- although she was a long-time employee whose annual contract had been reissued for many years -- after she used FMLA leave she was not offered a new contract by the College. The motion now under consideration presents a limited issue: "whether the evidence established that [the College] would have taken the same action to not offer Plaintiff a new employment contract regardless of her exercise of rights under the FMLA."

4. The facts necessary to disposition of the pending motion, taken in the light most favorable to Powell, are as follows:

* Powell started working for the College in 1998. She was employed on a series of one-year contracts, each one issued at the end of June and running until the following June. It was very uncommon for any contract employee of the College not to be offered a new contract each year.

* Recommendation about whether an employee should be offered a new contract came from the contract employee's supervisor, which in Powell's case was Pam Richiert ("Richiert").

* Richiert and Powell did not have a particularly good working relationship. Richiert testified that Powell was confrontational with her, that Powell was not a team player, and that she was displeased with Powell's work habits. Richiert even wrote a sort of secret "journal" about what she considered Powell's shortcomings. She started this "journal" on September 1, 2005, but included events supposedly occurring as far back as 1998. Richert testified that she did this on the recommendation of Linda Brown, Human Resources Director, to try to develop a basis to terminate Powell.

* In spite of her longstanding animosity toward Powell, Richiert recommended that Powell be offered a new contract every

year until after Powell returned from FMLA leave.

   *   Powell took FMLA leave from November 29, 2005, until June 27, 2006.  Brown instructed Richiert to stop keeping the secret "journal" during that period, saying that perhaps the FMLA leave would "end the dispute."

   *   In June, 2006, while Powell was still out on FMLA leave, she was offered a contract for the 2006-2007 school year, which she accepted.  This contract covered the period from July 1, 2006, to June 30, 2007.

   *   At the same time, on June 8, 2006, Richiert sent Brown a memo in which she stated her understanding that Powell's return to work was conditioned on Powell not taking "time off without pay due to lack of accrued vacation or sick," and that if she did, she would be terminated.  At trial, Richiert admitted that an employee could legitimately take leave without pay after exhausting FMLA leave.

   *   Richiert notified Powell on March 21, 2007, that her employment would end when the 2006-2007 contract ended on June 30, 2007.

   *   Both Richiert and Dr. Olson, the College President, refused to give Powell a reason why she was not offered a new contract.

   *   The College did not have any written evaluation process,

and there was no documentation in Powell's personnel file of any problems with her work, her relationship with other employees or her supervisor, her attendance, or any similar problems. Several witnesses testified that they were aware of no such problems.

   *   In connection with Powell's claim for unemployment compensation, the College submitted a General Employer Statement, stating that Powell did not violate company policy and was given no warnings prior to the end of her last contract. The reason checked on the form for not offering her a new contract was "failed to meet employers standards," not "job performance/negligence" or "arguing with employer."

   5.   Given the foregoing facts, the Court is not persuaded that the College is entitled to judgment as a matter of law. Reasonable jurors could conclude that Richiert nursed grievances against Powell for years, but did not act upon them until Powell took FMLA leave. They could further conclude that Richiert and Brown hoped that Powell would not return from FMLA leave; that they were concerned about appearances if they failed to offer her a new contract while she was out on FMLA leave; and that they expected, if Powell accepted the new contract, that they would be able to terminate her on the spurious basis of taking leave without pay. When all this failed, Richiert recommended that no new contract be offered for 2007-2008.

   The College makes much of the evidence that Richiert wanted

to terminate Powell before Powell's FMLA leave, contending that "there was no other reasonable inference but that North Arkansas College would have made the same decision not to issue Plaintiff a new contract regardless of the fact that she had taken FMLA leave." The Court does not agree. The more reasonable inference to be drawn from this evidence is that Powell's use of FMLA leave was the proverbial "last straw," but for which she would have been offered another contract.

This inference is enhanced by the refusal of Richiert and Olson to give Powell *any* reason for not offering her a new contract. As the Supreme Court recognized in **Reeves v. Sanderson Plumbing Products, Inc.**, 530 U.S. 133, 147-48 (2000),

> [i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt. Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. ([W]hen all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with *some* reason, based his decision on an impermissible consideration).

(Internal citations and quotation marks omitted, emphasis in original.)

6.   The College also speculates that the jury was confused by the Verdict Form, or wanted to "award damages regardless of proof," based on a note the jury sent in to the Court during deliberations. Such speculation is exactly that, speculation, and the Court will not indulge in speculation as to what might have been going on in the jury room. The note itself will not lend itself to more than that.

7.   For the same reasons that judgment as a matter of law is inappropriate, the Court finds that a new trial should not be granted. It cannot be said that the verdict is unsupported by the evidence outlined above, albeit circumstantially. The jury was instructed, and properly so, that the law makes no distinction between direct evidence and circumstantial evidence. Both types of evidence may properly be considered in the jury's factfinding process.

**IT IS THEREFORE ORDERED** that **Defendant's Renewed Motion For Judgment As A Matter Of Law, Or In The Alternative, Motion For New Trial** (document #41) is **denied.**

**IT IS SO ORDERED.**

  /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**