```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

**KELLI POWELL**                                                          **PLAINTIFF**

        **v.**                    **Civil No. 08-3042**

**NORTH ARKANSAS COLLEGE**                                                **DEFENDANT**

<u>**O R D E R**</u>

    Now on this 1st day of July, 2009, comes on for consideration plaintiff's **Motion For Equitable Relief** (document #28), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff Kelli Powell ("Powell") sued defendant North Arkansas College (the "College") for violation of the Family and Medical Leave Act ("FMLA").  The case was tried to a jury, and a verdict returned in favor of Powell.  Powell now moves for equitable relief in the form of reinstatement or front pay; an award of additional back pay sufficient to offset income tax liability; and a directive that the College amend its Employee Handbook.

    2.   The College resists this motion, contending that Powell failed to properly brief it; that reinstatement is not practical due to the level of hostility between Powell and her former supervisor; that there is insufficient evidence upon which to base an award of front pay; and that Powell is not entitled to any award to offset taxes.  The College does not object to amending its Employee Handbook.

3. The FMLA makes an employer who interferes with its employee's exercise of FMLA rights liable for equitable relief, including "employment, reinstatement, and promotion," in addition to lost wages and benefits. **29 U.S.C. §2617.** Because the jury found that the College interfered with Powell's exercise of her FMLA rights by retaliation, Powell is entitled to equitable relief. No brief is needed in support of that proposition.

4. Typically, when a terminated employee is entitled to equitable relief, it takes the form of reinstatement. Where reinstatement is an available remedy, it is preferred over front pay. **Sellers v. Mineta, 358 F.3d 1058, 1068 (8th Cir. 2004)** (decision under Title VII). There are sound reasons for this, of course. The employer gets services in return for its money, and the employee has a job, with concomitant prospects for future employment, rather than merely a sum of money with no future prospects.

Front pay is "the monetary equivalent of reinstatement, to be given in situations where reinstatement is impracticable or impossible." **Kramer v. Logan County School District No. R-1, 157 F.3d 620, 626 (8th Cir. 1998)** (decision under Title VII). Where animosity is the basis for awarding front pay rather than reinstatement, there must be "such hostility between the parties that a productive and amicable working relationship would be impossible." **Cox v. Dubuque Bank & Trust Co., 163 F.3d 492, 498**

**(8th Cir. 1998)** (age discrimination case).

  5. The College contends that Powell is not entitled to front pay because she has failed to provide sufficient evidence as to "the amount, duration, and other elements of a front pay award, and her attempts to find other employment." It contends she is not entitled to reinstatement "because the acute hostility between [Powell] and her former supervisor and former coworkers would make a productive work environment impossible."

  The Court is not persuaded by these arguments. The jury trial of this matter was not the appropriate time to present evidence on the claim for equitable relief, which is a matter entirely for the Court, although the Court "may not base its decision on factual findings that conflict with the jury's findings." **Voeltz v. Arctic Cat, Inc.**, **406 F.3d 1047, 1052 (8th Cir. 2005).** The Court will, therefore, schedule an evidentiary hearing for presentation of evidence on the equitable issues.

  Nor is the Court persuaded, without further evidence, that there is such hostility between Powell and her coworkers that reinstatement is impossible. While the evidence at trial certainly demonstrated discord between Powell and her immediate supervisor, the standard here is very high. That is as it should be, given what is at stake, particularly where, as here, the employer is a publicly-funded entity and the evidence at trial suggested that its board of directors had not been kept fully

apprised of the situation that led to the litigation.

6.  The tax issue here presented is whether Powell is entitled to an additional award of damages, in equity, to compensate her for increased taxes she may have to pay on the award of back pay made by the jury.  As explained in **Eshelman v. Agere Systems, Inc.**, **554 F.3d 426 (3rd Cir. 2009)**, back pay awards are taxable in the year paid, and "a lump sum back pay award could lift an employee into a higher tax bracket for that year, meaning the employee would have a greater tax burden than if she were to have received that same pay in the normal course."  **554 F.3d at 441**.  The Third Circuit held in **Eshelman** that "a district may, pursuant to its broad equitable powers granted by the ADA, award a prevailing employee an additional sum of money to compensate for the increased tax burden a back pay award may create."  **554 F.3d at 441-42.**

The College contends that so-called tax enhancement damages are not available under the FMLA, and would in any event be barred as against the College by the Eleventh Amendment.  The College also contends that Powell has not shown any evidentiary basis to support an award of tax enhancement damages.

The Eighth Circuit has not addressed the issue of tax enhancement damages in an FMLA case, but in a case under the Rehabilitation Act found such relief "analogous to the prejudgment interest remedy."  **Arneson v. Callahan**, **128 F.3d 1243, 1247 (8th**

**Cir. 1997).** An award of tax enhancement damages in **Arneson** was overruled because at the time the case arose there was no waiver of sovereign immunity under Title VII (which supplies the rule of remedy under the Rehabilitation Act). **Arneson** is distinguishable because it involved the federal government and sovereign immunity, while the case at bar involves a state government and Eleventh Amendment immunity.

While **Arneson** is distinguishable, its reasoning is instructive on the issue here presented. In **Winbush v. State of Iowa By Glenwood State Hospital**, **66 F.3d 1471 (8th Cir. 1995),** the Eighth Circuit held that Congress abrogated Eleventh Amendment immunity for prejudgment interest under Title VII, because:

\*   enactment of Title VII involved an exercise of Fourteenth Amendment powers;

\*   available remedies include "equitable relief as the court deems appropriate"; and

\*   its purpose is to make whole those who suffer because of unlawful employment discrimination.

The enactment of the FMLA was likewise an exercise of Fourteenth Amendment powers, intended to "protect the right to be free from gender-based discrimination in the workplace." **Nevada Department of Human Resources v. Hibbs**, 538 U.S. 721, 728 (2003). Available remedies include "such equitable relief as may be appropriate." **29 U.S.C. § 2617(a)(1)(B).** Under the reasoning of

**Arneson**, prejudgment interest is available under the FMLA, and because tax enhancement damages are analogous to prejudgment interest, the Court finds that Eleventh Amendment immunity has been abrogated as to that form of relief as well.

For the foregoing reasons, the Court is of the opinion that if the back pay awarded by the jury will push Powell into a higher tax bracket than she would have been in had the monies been timely paid, in equity the College should be required to cover that expense as part of making Powell whole. The Court adopts the reasoning of **Eshelman**, and will allow the parties to present evidence on this issue at the evidentiary hearing.

7.   There is no objection to the requested amendment of the College's Employee Handbook, and it appears the parties can work together to accomplish this goal. The Court directs that such be done before the date of the evidentiary hearing, and that the proposed amendment be then presented to the Court for its consideration.

8.   An evidentiary hearing on the issues raised by the Motion For Equitable Relief will be conducted on August 24, 2009, commencing at 10:00 a.m.

**IT IS SO ORDERED.**

                            **/s/ Jimm Larry Hendren**
                            **JIMM LARRY HENDREN**
                            **UNITED STATES DISTRICT JUDGE**